**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARMEN GRANADO,

Plaintiff,

v. Case No.: 6:24-cv-00289-LHP

COMMISSIONER OF SOCIAL SECURITY,

Defendant,

---

**ORDER**

This cause comes before the Court on Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Doc. No. 28. Upon consideration of same, and despite the unopposed status, the motion will be denied without prejudice.

Specifically, Plaintiff's counsel relies on a June 9, 2026 Notice of Award in support of the motion to establish the amount of past-due benefits that Plaintiff was awarded. Doc. No. 28, at 2; Doc. No. 28-1. Counsel states: "On June 9, 2026, the Social Security Administration issued a Notice of Award informing the Plaintiff that $14,529.50 was being withheld from her Title II back benefits to pay legal fees. According to the letter issued by the Social Security Administration, this sum represents 25% of the total back benefits to which the Plaintiff is entitled." Doc. No.

28, at 2–3. However, counsel never explicitly states the total calculation for Plaintiff's past-due benefits, instead stating that pursuant to his fee contract with Plaintiff, he is due a total of $13,329.50, which is 25% of the past-due benefits awarded, to be reduced by the previously awarded EAJA fees. *See id.* at 1–3, 5. Counsel provides no explanation why this 25% figure ($13,329.50), is different than the figure provided in the Notice of Award ($14,529.50). *See id.*

Upon review of the Notice of Award, the amount of the past due benefits is also not clear. The letter states:

> When a representative wants to charge for helping with a Social Security claim, we must approve the fee.
>
> We cannot tell you how much the representative can charge at this time. When processing your claim, we found we needed more information. To decide how much your benefits will be for January 2020 through April 2026, we need proof of your citizenship or lawful presence. When we get that information, we will decide the amount of your past-due benefits and send another letter telling you how much the representative can charge.

Doc. No. 28-1, at 4.[1] The letter goes on to state:

> When a representative wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $14,529.50 from your past due benefits in case we need to pay your representative.

*Id.* at 5.

[1] Pinpoint citations refer to the pagination provided by CM/ECF, rather than internal pagination on the documents.

Absent some additional authority or evidence from counsel on the amount of past due benefits, the Court cannot find the Notice of Award—stating that the amount of past due benefits have not yet been determined and that the Social Security Administration "usually" withholds 25% of past-due benefits—sufficient to establish the amount of past due benefits on which to base an award of fees under § 406(b). Further, Plaintiff otherwise fails to explain how the amount of past-due benefits was calculated in the motion, such that it supports the request for $5,329.50 in fees under § 406(b). Doc. No. 28.

Based thereon, Plaintiff's motion (Doc. No. 28) is **DENIED without prejudice.** A renewed motion shall be filed within **thirty (30) days** of the date of this Order. In a renewed motion, Plaintiff must establish, by citation to evidence, the amount of past-due benefits that Plaintiff was awarded. Then, Plaintiff must provide appropriate calculations based thereon for the appropriate amount of fees to be awarded under § 406(b), with citation to legal authority in support. Plaintiff's motion must also be filed in compliance with Local Rule 1.08.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record