**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARMEN GRANADO,

Plaintiff,

v. Case No.: 6:24-cv-00289-LHP

COMMISSIONER OF SOCIAL SECURITY,

Defendant,

---

**ORDER**

This cause comes before the Court on Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b). Doc. No. 31. Upon consideration of same, the motion is due to be denied for the same reasons the Court denied a previous version of this motion. *See* Doc. No. 30.

Specifically, the renewed motion once again fails to comply with the formatting requirements of Local Rule 1.08. Doc. No. 31. Counsel is advised that motions must also be filed in accordance with the requirements of Local Rule 3.01 – the present motion does not contain a memorandum of legal authority, but rather points to a single-spaced declaration that clearly contains legal argument rather than mere recitation of facts.

The renewed motion also again points solely to a June 9, 2026 Notice of Award to establish the amount of past-due benefits that Plaintiff was awarded. *Id.*; Doc. No. 31-1, at 2–7. But, as previously explained to Plaintiff, the June 9, 2026 Notice of Award does not sufficiently establish the amount of past-due benefits Plaintiff was awarded. *See* Doc. No. 30, at 2–3 (explaining that a Notice of Award stating that the amount of past-due benefits has not yet been determined and that the Social Security Administration "usually" withholds 25% of past-due benefits is insufficient to support the fee award). In the present motion, Plaintiff merely asserts that "Counsel for the Defendant would be in a better position to verify Plaintiff's total past-due benefit award," which the Court finds unpersuasive given the prior Order (Doc. No. 30). Moreover, it appears that Plaintiff's counsel has undertaken no additional efforts at determining the amount of past-due benefits Plaintiff has been awarded in this case. *Cf. Jeremy A. B. v. Kijakazi*, No. 3:20CV01221(SALM), 2022 WL 4129339, at *2 (D. Conn. Sept. 12, 2022) (noting that the court tolled the deadline for filing a § 406(b) motion because the SSA did not calculate plaintiff's total past-due benefits in notice of award containing similar language to that here, and also noting that the SSA issued a subsequent, second notice of award stating the amount of past-due benefits).

Accordingly, for the same reasons previously set forth (Doc. No. 30), Plaintiff's renewed motion (Doc. No. 31) is **DENIED without prejudice**. It is

**ORDERED** that Plaintiff's counsel shall forthwith seek documentation from the SSA establishing the amount of past-due benefits actually awarded to Plaintiff. Counsel shall file a renewed motion, as appropriate, within **ten (10) days** of receipt of documentation from the SSA establishing the total amount of past-due benefits actually awarded. Alternatively, if Plaintiff has legal authority establishing that the June 9, 2026 Notice of Award is sufficient to establish the amount of past-due benefits actually awarded, Plaintiff may renew the motion in compliance with all Local Rules.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record